*Garnett, Dehoney, for appellant.*

*Leslie, Botts, for appellee.*

---

## W. H. Sandford v. R. D. Kemper.

**Forcible Entry and Detainer—Right of Possession.**

    In an action for forcible entry, the question as to which party is legally entitled to the possession can not be considered, and it is immaterial whether plaintiff's possession was right or wrong, if it was proved to be actual.

**Forcible Entry and Detainer—Action of, When Lies.**

    An action for forcible entry will not lie in favor of one who gains possession merely as an interloping rambler, or as a mere scrambling possession.

APPEAL FROM OWEN CIRCUIT COURT.

January 3, 1873.

Response by Judge Lindsay:

Although the court took the trouble to read "the decisions relied on by appellant's counsel to show that the third instruction asked for was proper, we did not deem it necessary to review them to prove that the principal recognized in each of them was perfectly

consistent, with the conclusion that the mere fact of possession without claim of right" was not such a possession as would support a writ of forcible entry.

Although the opinion in the case of *Smith v. Dedman*, 4 Bibb. 192, does not set out the facts, it is perfectly manifest that the party in possession held peaceably and under a claim of right. So in the case of *Brumfield v. Reynolds*, 4 Bibb. 388. Although in the case of *Chiles v. Stephens*, 3 A. K. Marshall 341, the court says: That "to entitle Stephens to restitution it was incumbent on him barely to prove that at the time Chiles & Peebles entered upon the land in contest he was in fact possessed and that their entry was without his assent or that of his agent," the fact clearly appears that if Stephens was in possession at all it was under claim of title. We fully recognize the fact that it is immaterial whether the possession be right or wrong, if it be perfect and complete, and that the question as to which party is legally entitled to the possession is not to be considered on the trial of a writ of forcible entry. Still to hold that the third instruction comes within this principle would be to decide that if a trespasser without claim of right and for the mere purpose of gratifying his lawless inclination, forcibly drives a man and his family from his house, that he can not expel this mere wanderer and regain his possession without subjecting himself to be again ousted by a writ of forcible entry. In the case of *Hunt v. Wilson*, 14 B. Monroe 36, both parties claimed the lands and the right to the possession.

The possession sufficient to support an indictment for forcible entry, under the common law "must be quiet, peaceable, and actual, not a mere scrambling possession." Bacon's Abridgment, Vol. 4, page 328. Although under our laws the entry need not be actually accomplished by force, but is treated as forcible, if made without the consent of the party in possession, we are not aware that it has even been held that the writ would lie in favor of one whose possession was only such as a mere interloping rambler might be able to obtain. The third instruction fails to recognize this distinction and was properly refused. We can not agree that we failed to recognize in the opinion the fact "that there may be a possession in fact by a person not in fact on the land, but we also recognized the fact that in this case, the evidence conduces to show that appellant attempted to secure possession by a mere scramble, and that

he never became actually seized and possessed of the premises. Petition overruled.

*Drane, for appellant.*

*Craddock, for appellee.*